UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

RONELL SHAMAR NICHOLS,          :
       Plaintiff,               :
       v.                       :   No. 15-cv-0527
                                 :
DAVID BURNS, George W. Hill Correctional  :
Facility Warden,[1]              :
CORRECTIONAL OFFICER GOKMAN,    :
CORRECTIONAL OFFICER SABINTINO, and  :
CORRECTIONAL OFFICER SERGEANT   :
CLARK,                           :
       Defendants.              :
_____

### MEMORANDUM OPINION

Defendants' Motion to Dismiss, ECF No. 21 – Granted
Defendant Clark's Motion to Dismiss, ECF No. 38 – Granted
Plaintiff's Motions to Compel Discovery, ECF Nos. 23, 32, 39, 40, 41 – Denied
Plaintiff's Motion for Leave to Amend, ECF No. 30 – Denied
Plaintiff's Motion for Appointment of Counsel, ECF No. 31 – Denied

**Joseph F. Leeson, Jr.**                                               **December 4, 2015**
**United States District Judge**


I.   **Introduction**

      Before the Court are Defendants' Motions to Dismiss Plaintiff's Amended Complaint. ECF Nos. 21 and 38. For the reasons stated below, the Court grants Defendants' motions. Also before the Court are Plaintiff's Motions to Compel Discovery, ECF Nos. 23, 32, 39, 40, and 41, Motion for Leave to Amend, ECF No. 30, and Motion for Appointment of Counsel, ECF No. 31. For the reasons stated below, the Court denies Plaintiff's motions.

---

[1]    Defendants observe that the correct spelling of the warden's last name is "Byrne." The Court will therefore use the correct spelling throughout the remainder of this Memorandum.

1

## II.     Background

Plaintiff, an inmate of the George W. Hill Correctional Facility in Thornton, Pennsylvania ("GWHCF" or "the facility"), initiated this case in February 2015 against Defendants Warden David Byrne, Correctional Officer Gokman, Correctional Officer Sabintino, and Correctional Officer Sergeant Clark, all of whom are present or past employees at the facility. Following Defendants Byrne, Gokman, and Sabintino's initial Motion to Dismiss, ECF No. 14, the Court granted Plaintiff leave to amend his Complaint. See ECF No. 17. Plaintiff filed his Amended Complaint on June 1, 2015. ECF No. 18. Defendants Byrne, Gokman, and Sabintino filed their present Motion to Dismiss on June 10, 2015. ECF No. 21. Defendant Clark filed his present Motion to Dismiss on October 22, 2015. ECF No. 38.

### A.     Factual Allegations

The following facts are alleged in Plaintiff's Amended Complaint.

Plaintiff alleges that at the time of his intake to the facility on June 11, 2014, Plaintiff informed a staff member that he had a femur rod in his right hip. Am. Compl. 2. Plaintiff was then placed in a cell with over twenty inmates and forced to sleep on the floor for two days. Id. On June 21, 2014, Plaintiff was placed in a different cell. Id. at 3. At that time, he notified staff members that he could not get to the top bunk because of his femur rod, and he showed staff members a bottom bunk special needs pass that he had obtained from the facility's medical personnel. Id. In response, Defendant Officer Gokman threatened Plaintiff with injury and Defendant Officer Sabintino likewise "refused to honor" Plaintiff's special needs pass. Id.

Another inmate in Plaintiff's new cell also had a bottom bunk special needs pass. Id. Plaintiff asked to move to another cell, but Defendants Gokman and Sabintino refused. Id. As a result, Plaintiff was forced to sleep on the floor. Id. Officers Gokman and Sabintino continued to

threaten Plaintiff. Id. Plaintiff informed Defendant Sergeant Clark of the officers' conduct, but Sergeant Clark replied that there was no point in Plaintiff submitting a grievance because it would only get ripped up and thrown away. Id. at 4. Plaintiff avers that "[t]he above events happen[ed] . . . [on] June 11, 2014[,] and June 12, 2014[,] and also on June 21, 2014," and that he was a pretrial detainee when the events occurred. Id. at 4, 6.

**B.     Exhaustion of Administrative Remedies**

Plaintiff avers that he exhausted his remedies by filing at least nine grievances relating to these events, but that he did not receive a response from the grievance coordinator. Id. at 4.[2] Further, Plaintiff alleges that as a result of filing the grievances he was "threaten[ed] with physical harm." Id.

**C.     Legal Claims**

The Amended Complaint includes the following legal claims.

First, Plaintiff alleges that Defendants retaliated against him for exercising his First Amendment rights when he filed his grievances. Id. at 5.

Second, Plaintiff alleges state law claims of intentional infliction of emotional distress ("IIED") and negligence. Id. at 7.

With respect to the IIED claim, Plaintiff alleges that Defendants "acted purposefully" in not honoring his special needs pass and that this caused Plaintiff to injure himself, which in turn caused him extreme emotional distress. Id. at 7.

With respect to the negligence claim, Plaintiff alleges that he was forced to sleep on the top bunk with no ladder and that, as a result, he was "forced to jump up and down off the [top] bunk," causing him "sharp pain" in his leg, toes, and back, due to his femur rod, such that he

---

[2]      In his Amended Complaint, Am. Compl. 4, Plaintiff observes that he included copies of his grievances and his special needs pass in his initial Complaint. See Compl., ECF No. 1.

"may never be the same." Id. Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

## III.   Standard of Review

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court subsequently laid out a two-part approach to reviewing a motion to dismiss under Rule 12(b)(6).

First, the Court observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Id. at 678.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive the motion; "instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'"  Id.; Phillips, 515 F.3d at 233 (quoting Twombly, 550 U.S. at 563 n.8). While Rule 8 of the Federal Rules of Civil Procedure, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," was "a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556

U.S. at 678-79 ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (citing Twombly, 550 U.S. at 555)); see Fed. R. Civ. P. 8(a)(2). For "without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." Phillips, 515 F.3d 224, 232 (citing Twombly, 550 U.S. at 555 n.3).

Second, the Court emphasized, "only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 678. Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 555). This is because Rule 8(a)(2) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" See id., 515 F.3d at 234 (quoting Fed. R. Civ. P. 8(a)(2)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Detailed factual allegations" are not required, id. at 678 (quoting Twombly, 550 U.S. at 555), but a claim must be "nudged . . . across the line from conceivable to plausible," id. at 680 (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,'" but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557).

5

The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV.     Defendants' Motions to Dismiss are Granted.**

**A.     Plaintiff's retaliation claim is dismissed with prejudice.**

A prisoner alleging retaliation must show: "(1) constitutionally protected conduct, (2) an adverse action by prison officials 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights,' and (3) 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.'" Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).

With respect to the first factor, filing an administrative grievance against prison officials is a protected activity for purposes of a retaliation claim. See id. Here, Plaintiff alleges that he filed multiple grievances, conduct which constitutes protected activity.

With respect to the second factor, however, courts have held that "[v]erbal threats from guards are certainly distressing, but do not rise to the level of an adverse action." Barr v. DiGuglielmo, No. CIV.A. 07-2793, 2008 WL 2786424, at *7 (E.D. Pa. July 17, 2008), aff'd in part, vacated in part, remanded, 348 F. App'x 769 (3d Cir. 2009). Plaintiff's allegation that as a result of filing grievances he was "threaten[ed] with physical harm" fails to satisfy this second factor, and consequently Plaintiff fails to state a claim for retaliation. Since leave to amend would be futile in the absence of an adverse action, the Court dismisses Plaintiff's retaliation claim with prejudice.

**B.     Plaintiff's deliberate indifference claim is dismissed without prejudice.**

The Amended Complaint does not clearly assert a deliberate indifference claim. However, Plaintiff's allegations with respect to his negligence claim[3] – namely, that he was forced by Defendants to sleep on the top bunk[4] with no ladder despite Defendants' knowledge of his leg condition and that, as a result, he was "forced to jump up and down off the [top] bunk," causing him "sharp pain" in his leg, toes, and back, such that he "may never be the same"– may be construed as attempting to assert a deliberate indifference claim.[5] Plaintiff has indicated in his subsequent briefing that he seeks to assert such a claim.[6]

Since the alleged events occurred when Plaintiff was a pretrial detainee, Plaintiff's claims are evaluated under the Due Process Clause of the Fourteenth Amendment. See Hubbard v. Taylor, 399 F.3d 150, 158, 166–67 (3d Cir. 2005). In evaluating claims of inadequate medical care advanced by pretrial detainees, the Third Circuit employs the Eighth Amendment deliberate indifference standard. See Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 581 (3d Cir. 2003). Accordingly, in order to state a Fourteenth Amendment claim of inadequate medical care,

---

[3]     As discussed below, a deliberate indifference claim differs in important ways from a negligence claim. See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.1999) ("It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'").

[4]     Plaintiff's allegation that he was forced to sleep on the top bunk appears to contradict his allegation that he was forced to sleep on the floor. If Plaintiff chooses to amend his Complaint, he should clarify this matter.

[5]     See Walker v. Walsh, No. 3:11-CV-1750, 2012 WL 314883, at *6 (M.D. Pa. Feb. 1, 2012) (finding that the plaintiff "may have a cognizable claim" pursuant to the Eighth Amendment for a complaint that he was assigned to a top bunk despite his age).

[6]     In Plaintiff's Opposition to Defendants' Motion to Dismiss, ECF No. 22, Plaintiff contends that "Correctional Officers Gokman and Sabintino both acted with deliberate indifference" when they "had . . . knowledge of Plaintiff['s] special needs pass and failed to take reasonable action and put [Plaintiff] [at] serious risk to [his] health." Pl.'s Br. Opp'n Defs.' Mot. Dismiss 2. Further, in Plaintiff's Proposed Second Amended Complaint, appended to his Motion for Leave to File a Second Amended Complaint, ECF No. 30, he substitutes a "deliberate indifference" claim in place of the Amended Complaint's "negligence" claim.

a plaintiff must allege: "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." See id.

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Colburn v. Upper Darby Twp., 946 F.2d 1017, 1023 (3d Cir. 1991) (quoting Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.3d 326, 347 (3d Cir. 1987)). A "serious medical need" is also one for which the denial of treatment results in "unnecessary and wanton infliction of pain" or permanent disability or loss. Id. (quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976)).

"Deliberate indifference is a 'subjective standard of liability consistent with recklessness as that term is defined in criminal law.'" Natale, 318 F.3d at 582 (quoting Nicini v. Mora, 212 F.3d 798, 811 (3d Cir. 2000)). A finding of deliberate indifference requires proof that a prison official "knows of and disregards an excessive risk to inmate health or safety." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The official must be "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . draw the inference." Id. (quoting Farmer, 511 U.S. at 837).

The Amended Complaint does not clearly allege a deliberate indifference claim. However, in view of the Amended Complaint's allegations concerning Defendants Gokman and Sabintino's alleged knowledge of Plaintiff's leg condition and special needs pass, and in view of Plaintiff's indications in his subsequent briefing that he seeks to assert a deliberate indifference

claim based on these allegations, the Court grants Plaintiff leave to amend the Amended Complaint in order to properly allege a deliberate indifference claim.[7]

**C.      Plaintiff's claims against Defendant Byrne are dismissed without prejudice.**

Defendants contend that the Amended Complaint fails to allege any facts wherein Defendant Byrne is alleged to have done anything to Plaintiff and that therefore all claims against Defendant Byrne must be dismissed. Defs.' Mem. Supp. Mot. Dismiss 6-7, ECF No. 21.

A government official cannot be personally liable under § 1983 without personal involvement in a violation of a plaintiff's rights. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff does not plausibly allege that Defendant Byrne was personally involved in any of the alleged events at issue. At most, Plaintiff alleges that he "tried to inform the warden [i.e., Defendant Byrne] about the conduct of the officers and about his grievance never being addressed," but never received a response. Am. Compl. 5. Plaintiff also alleges that he saw Defendant Byrne "while going to a pass to medical" and "put him on notice about what was happening," but Plaintiff does not specify how he put Defendant Byrne on notice. See id. Since Plaintiff has not plausibly alleged the personal involvement of Defendant Byrne, Defendants' Motion to Dismiss the claims against Defendant Byrne is granted. See Williams v. Beard, No. 1:CV-10-0539, 2011 WL 744534, at *2 (M.D. Pa. Feb. 23, 2011) (dismissing the inmate's claim – namely, that he should not have been assigned to the top bunk given his nervous medical condition – against the superintendent because the complaint did not allege personal involvement, specifically how the superintendent participated in the decision to assign the inmate

---

[7] In view of the Court's dismissal of Plaintiff's § 1983 retaliation claim and the Court's dismissal without prejudice of Plaintiff's § 1983 deliberate indifference claim, the Court will defer analysis of its supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . [if] the district court has dismissed all claims over which it has original jurisdiction.").

to a top bunk). Nevertheless, in view of the Court's grant of permission to Plaintiff to amend his complaint with respect to his deliberate indifference claim, the Court will likewise permit Plaintiff an opportunity to amend his complaint as to the involvement of Defendant Byrne.

### D. Plaintiff's claims against Defendant Clark are dismissed without prejudice.

Plaintiff first attempted service on Defendant Clark at GWHCF earlier this year. See ECF No. 16. Subsequently, in Defendants Byrne, Gokman, and Sabintino's present Motion to Dismiss, it was stated that "Correctional Officer Sergeant Clark is no longer employed at GWHCF, has not been served with original process, and thus is not part of the instant motion." ECF No. 21. Following the Defendants' Motion, the Court issued an Order directing Plaintiff to provide the Clerk with Defendant Clark's correct address so that the U.S. Marshals Service could effectuate proper service on Defendant Clark. ECF No. 24. Plaintiff again attempted to serve Defendant Clark at GWHCF, and service was accepted on his behalf. See ECF No. 33. Defendant Clark thereafter filed his present Motion to Dismiss, contending that "[a]lthough the summons was accepted, there was no one at GWHCF that was authorized to accept service on behalf of Defendant Clark" and therefore the Federal Rules of Civil Procedure "require that the service on Defendant Clark be stricken." Def.'s Mem. Supp. Mot. Dismiss 8, ECF No. 38. Defendant Clark appends to his Motion an affidavit from Mario Colucci, the Deputy Warden at GWHCF who accepted service for Defendant Clark on October 1, 2015. Aff. Mario Colucci, ECF No. 38-1. Mr. Colucci states that he "was not authorized to accept service of process on behalf of Defendant Clark" and that he did so inadvertently. Id.

"While IFP status confers an entitlement to issuance and service of process, see 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3), the plaintiff must provide sufficient information for the court to do so." Harris v. McMullen, 609 F. App'x 704, 707 (3d Cir. 2015). Although a

marshal's return creates a presumption of valid service on an agent, the presumption may be rebutted if the defendant demonstrates that service was not received. Howard Johnson Int'l, Inc. v. SSR, Inc., No. CIV.A. 14-4611 KM, 2015 WL 4461347, at *2 (D.N.J. July 21, 2015).

Plaintiff has not responded to Defendant Clark's Motion. See E.D. Pa. Civ. R. 7.1(c) (providing that "[i]n the absence of timely response, [a] motion may be granted as uncontested except as provided under Fed. R. Civ. P. 56"). However, Plaintiff acknowledges in his Motion for Leave to File a Second Amended Complaint, ECF No. 30, which is discussed in greater detail below, that he has been unable to obtain Defendant Clark's correct address in order to effect proper service on him. Accordingly, Defendant Clark's Motion is granted, and all claims against him are dismissed without prejudice.

V.  **Plaintiff's Motions are Denied.**

A.  **Plaintiff's motions to compel discovery are denied without prejudice.**

Plaintiff has filed five motions to compel discovery. ECF Nos. 23, 32, 39, 40, and 41. These motions seek to compel Defendants to answer interrogatories as well as to produce certain documents. Defendants request that the motions be denied and that all discovery requests be stayed until one or more of the Defendants files an answer to the Complaint. See Defs.' Opps. Mots. Compel, ECF Nos. 27 and 42.

The Court denies without prejudice Plaintiff's motions to compel as premature. See Nave v. Danberg, No. CIV. 11-673-LPS, 2013 WL 791403, at *9 (D. Del. Mar. 1, 2013). The Court has permitted Plaintiff leave to amend his Amended Complaint. If Plaintiff chooses to do so, Defendants then will have an opportunity to answer or otherwise plead, following which Plaintiff may seek discovery pursuant to the Federal Rules of Civil Procedure.

**B.     Plaintiff's Motion for Leave to Amend is denied as moot.**

Following Defendants' present Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Second Amended Complaint, ECF No. 30, explaining that he sought to amend his Amended Complaint in three ways: (1) to drop Defendant Clark as a party; (2) to add Grievance Coordinator Kevin M. Conroy as a Defendant; and (3) to address other unspecified matters that "needed to be corrected."

In view of the Court's grant of Defendants' present motions to dismiss and the Court's grant of permission to Plaintiff to amend his complaint with respect to his deliberate indifference claim, Plaintiff's Motion for Leave to File a Second Amended Complaint is moot.

**C.     Plaintiff's Motion for Appointment of Counsel is denied without prejudice.**

The Court denies Plaintiff's Motion for Appointment of Counsel, ECF No. 31, for the reasons set forth in this Court's Order dated April 17, 2015, see ECF No. 9.

**VI.     Conclusion**

Plaintiff is granted leave to file a second amended complaint in accordance with the present Opinion no later than January 4, 2016. Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.).  It must be a new pleading which stands by itself without reference to the original complaint. Id. The second amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure."  Id. (citing Fed. R. Civ. P. 8(e)(1)). A separate order follows.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge